THOMPSON, Judge.,
The employer-servicing agent (F/SA) contended the deputy commissioner (the deputy) erred in: (1) ordering payment of . medical bills of unauthorized physicians; (2) determining the date of maximum medical improvement (MMI); and (3) awarding attorney’s fees. We affirm in part and reverse in part.
The claimant sustained a compensable back and neck injury on May 17, 1979. After some initial treatment not involved in this controversy, the claimant was referred to an orthopedist by the E/SA. He was examined and treated by the orthopedist and referred by him to two neurologists for consultation and EMG studies. After further treatment by the orthopedist claimant was released to return to light duty on July 19, 1979. On returning to work the next day he experienced chills, fever, and nausea which the orthopedist subsequently advised *1191 were not related to his injury or any orthopedic problems.
The claimant then obtained an appointment with Dr. Hood, a family practitioner who treated him for his gastrointestinal complaints. When called upon to authorize this treatment, the E/SA refused because the treatment was not related to the industrial accident. Several days later the claimant returned to Dr. Hood complaining of orthopedic problems. ' Hood then hospitalized the claimant in order to obtain prompt orthopedic examination by another orthopedist. The claimant knew at the time he entered the hospital that neither Dr. Hood nor the hospital were authorized. The claimant was receiving appropriate care from three authorized physicians but nonetheless sought treatment from an unauthorized doctor without following statutory procedure. There was no evidence that the claimant’s hospitalization was on an emergency basis and the deputy made no finding of emergency. Under these circumstances, the deputy erred in ordering payment of the bills for unauthorized remedial treatment and care.
The deputy’s determination of the claimant’s date of MMI is supported by competent substantial evidence.
In view of the foregoing reversal in part, the amount of the attorney’s fee is to be reconsidered as a result of the reduction in benefits obtained.
Affirmed in part and reversed in part for further proceedings consistent with this opinion.
LARRY G. SMITH and JOANOS, JJ., concur.